UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN CLARK,

   Petitioner,

 v.

WARDEN, CUMBERLAND COUNTY JAIL,[1]

   Respondent.

1:21-cv-16721 (NLH)

**MEMORANDUM OPINION & ORDER OF CIVIL CONTEMPT**

**APPEARANCES**:

John Clark
#42592
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302

 Petitioner pro se

**HILLMAN**, **District Judge**

 WHEREAS, Petitioner filed a petition for writ of habeas

---

[1] The default rule is that the proper respondent of a § 2241 petition is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Subsequent to the filing of this petition, Charles Warren resigned his position as Warden of the Cumberland County Jail and has been replaced by Eugene Caldwell. The Court will direct the Clerk to substitute Eugene Caldwell as the Warden on the docket. Fed. R. Civ. P. 25(d). This substitution does not impact the Court's analysis because § 2241 petitions are filed against the warden's office, not the individual warden. Moreover, Warden Caldwell had assumed his position by the time the Court issued its order to show cause.

corpus under 28 U.S.C. § 2241 on September 9, 2021, see ECF No. 3; and

WHEREAS, on September 30, 2021, the Court ordered Respondent to answer the petition within 30 days, see ECF No. 4; and

WHEREAS, the Clerk mailed copies of the petition and the Order to Answer to the Warden of the Cumberland County Jail and the Cumberland County Prosecutor's Office; and

WHEREAS, on December 9, 2021, the Court issued an order to show cause directing Respondent to show cause why the petition should not be granted and why sanctions should not be imposed. ECF No. 6.  The order was again mailed to the Warden of the Cumberland County Jail and the Cumberland County Prosecutor's Office; and

WHEREAS, the Court ordered a response within 21 days, making the response due December 30, 2021.  The Court has received no response to the order to show cause, or answer to the § 2241 petition, as of the date of this Order; and

WHEREAS, "[c]ourts have inherent power to hold parties in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" United States v. Ciampitti, 669 F. Supp. 684, 687 (D.N.J. 1987) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 (1949)); and

WHEREAS, the Third Circuit requires three elements to be proven by clear and convincing evidence: (1) there was a valid court order; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. Harris v. City of Phila., 47 F.3d 1311, 1326 (3d Cir. 1995). "The resolution of ambiguities ought to favor the party charged with contempt." Id. "[W]illfulness is not a necessary element of civil contempt." Harley-Davidson, Inc. v. Morris, 19 F.3d 142, 148-49 (3d Cir. 1994); and

WHEREAS, the Court's September 30, 2021 order to answer and the December 9, 2021 order to show cause were mailed to both the Warden of the Cumberland County jail and the Cumberland County Prosecutor's Office. The Warden has replied to other orders that were mailed by the Clerk's Office, see, e.g., Warden Caldwell's response to Court's December 9, 2021 order, Bartley v. Warren, No. 21-19312 (D.N.J. Jan. 7, 2022) (EDF No. 3). Moreover, Counsel for Cumberland County and the Warden have acknowledged to this Court in related proceedings as set forth below that they understand that the Court sends correspondence by mail and affirmed their obligation to respond to such process within the allotted time or to where justified to seek leave from the Court's Orders. Therefore, there is no reason to believe that the Warden did not receive these orders as well. The first two elements are easily satisfied by clear and

convincing evidence; and

WHEREAS, the Court also finds by clear and convincing evidence that Respondent has disobeyed the Court's orders.  This is not the first time Cumberland County, and specifically the Warden of the Cumberland County Jail, has ignored this Court's orders.  The Court issued a series of orders to show cause related to the jail's failure to turn over funds from inmate accounts pursuant to in forma pauperis orders.[2]  The Court held a hearing on that issue, which current Warden Eugene Caldwell attended, and expressed its frustration that its orders have been continually disregarded:

> I don't understand why it would be difficult to have a procedure in the mailroom that when you get a letter from the United States District Court addressed to the warden, that it's not brought promptly to the attention of the warden. I can't imagine a well run mailroom seeing an order from a Court, toss it in the garbage or give it to someone who wouldn't recognize the importance of it. I just find that, frankly, shocking.

Harold v. Smith, No. 20-15623 (D.N.J. Dec. 6, 2021) (ECF No. 29

---

[2] See Thompson v. Smith, No. 20-12454 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 33); Harold v. Smith, No. 20-15623 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 13); Harold v. Bagley, No. 21-0501 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 9); Lawson v. Smith, No. 20-15705 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 18); Ford v. Smith, No. 20-18863 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 26); MacDonald v. Cumberland County Jail, No. 21-4518 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 4) Clark v. Warren, No. 21-12797 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 11); Kirkland v. Warren, No. 21-10921 (D.N.J. order to show cause dated Oct. 7, 2021) (ECF No. 13).

at 12:16-24); and

WHEREAS, the Court was assured that a system had been put into place to prevent future court orders from being misdirected within the jail, id. at 13:5-17, and yet the order to show cause mailed three days after this hearing was ignored.  The continued noncompliance with the Court's orders so soon after the County specifically told the Court that the issue had been addressed is clear and convincing evidence that Respondent has disobeyed the Court's orders; and

WHEREAS, the Court has provided Respondent with notice of its intent to impose sanctions and an opportunity to respond.  ECF No. 6.  Respondent has elected not to respond.  Therefore, the Court finds by clear and convincing evidence that Respondent shall be held in civil contempt for failing to file a timely answer to Petitioner's habeas corpus petition; and

WHEREAS, where the purpose of a civil contempt order is to make a party comply with Court orders, "the court's discretion is otherwise exercised.  It must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947).  "[I]n fixing the amount of a fine to be imposed as a punishment or as a means of securing future compliance, [the Court must] consider the amount of

5

defendant's financial resources and the consequent seriousness of the burden to that particular defendant." Id.; and

WHEREAS, Petitioner filed this habeas corpus petition seeking release from allegedly unconstitutional conditions of confinement at the Cumberland County Jail.  Respondent's failure to respond to this petition has delayed the proceedings and required the expenditure of scarce judicial resources to enforce the Court's orders.  Given Cumberland County's repeated failures to comply with Court orders despite receiving multiple warnings, the Court finds that nothing short of monetary fines in the amount of $1,000 per day will suffice to bring Respondent into compliance,

THEREFORE, IT IS on this 7th day of January, 2022

ORDERED that the Clerk shall substitute Eugene Caldwell as the Warden on the docket, Fed. R. Civ. P. 25(d); and it is further

ORDERED that Respondent Warden of Cumberland County Jail shall be, and hereby is, held in contempt of this Court's September 30, 2021 Order, ECF No. 4; and it is further

ORDERED that, beginning with today's date, Respondent is assessed a civil penalty in the amount of $1,000 per day until the answer is filed, such amounts to be paid on a daily basis to Clerk of the Court; and it is finally

ORDERED that the Clerk shall send a copy of this Order to

the Warden of the Cumberland County Jail, the Cumberland County Prosecutor's Office, and Petitioner by regular mail.

```
                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.
```