UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN CLARK, | 1:21-cv-16721 (NLH) |
| Petitioner, | **MEMORANDUM OPINION & ORDER APPOINTING CJA COUNSEL** |
| v. | |
| EUGENE CALDWELL, | |
| Respondent. | |

**APPEARANCES**:

John Clark
#42592
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302

    Petitioner pro se

Joseph J. DePalma, Esq.
Susana Cruz Hodge, Esq.
Victor A. Afanador, Esq.
Lite DePalma Greenberg & Afanador, LLC
570 Broad Street
Suite 1201
Newark, NJ 07102

    Attorneys for Respondent

**HILLMAN**, **District Judge**

    WHEREAS, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 9, 2021, see ECF No. 3; and

    WHEREAS, on September 30, 2021, the Court ordered

Respondent to answer the petition, or file a motion to dismiss on jurisdiction grounds within 30 days, see ECF No. 4; and

WHEREAS, the Order also required Respondent to "file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claims and any affirmative defenses." Id. at 2; and

WHEREAS, on December 9, 2021, the Court issued an order, which was mailed to the Warden of the Cumberland County Jail and the Cumberland County Prosecutor's Office, directing Respondent to show cause by December 30, 2021 why the petition should not be granted and why sanctions should not be imposed. ECF No. 6; and

WHEREAS, no response to the order to show cause was filed within the time set by the Court.  Therefore, the Court entered an order of civil contempt on January 7, 2022 imposing a $1,000 per day fine based on Respondent's repeated failures to comply with Court orders, ECF No. 8 at 6; and

WHEREAS, Respondent filed a purported "answer" to the petition 17 days later on January 24, 2022, ECF No. 11; and

WHEREAS, Petitioner filed a motion for the appointment of pro bono counsel.  ECF No. 12.  Respondent has not filed any objection to the motion; and

WHEREAS, Respondent's filing does not comply with the Court's order to answer or Rule 5 of the Rules Governing § 2254

2

Proceedings (made applicable by Rule 1(b)); and

WHEREAS, Petitioner seeks release from the Cumberland County Jail due to the conditions at the Jail as a result of the continuing COVID-19 pandemic.  ECF No. 1.  He asks for "[r]elease with out bail or on an ankle bracelet.  My charges are [ridiculous] and I have suffered enough I have been in this Jail for 27 months . . . ."  ECF No. 3 at 8; and

WHEREAS, Respondent's filing resembles an answer in a civil rights proceeding, for example claiming that "[i]f Petitioner suffered damages, the same were caused by Petitioner'[s] sole negligence" and "[t]he responsibility of these Defendants and the right of Petitioner to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined.  Accordingly, these Defendants seek an adjudication of the percentage of fault of Petitioner and each and every person whose fault contributed to this incident."  ECF No. 11 at 7-8; and

WHEREAS, damages are not available in habeas corpus proceedings.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").  Petitioner has a pending civil rights case for damages, Clark v. Warren, et al., No. 21-12797 (D.N.J. filed June 21, 2021); and

WHEREAS, this § 2241 action originated from a letter that

3

was originally filed in Petitioner's civil suit in which he asked the Court to release him from the Cumberland County Jail due to the conditions, ECF No. 1.  The Court ordered the letter to be filed as a § 2241 petition based on Petitioner's request for relief that could not be granted in his action for damages, ECF No. 1-1; and

WHEREAS, the Court later construed the amended petition to only assert that the conditions of Petitioner's confinement violated the Fourteenth Amendment and that only release from detention could cure the constitutional violation, ECF No. 10; see also Hope v. Warden York County Prison, 972 F.3d 310, 324 (3d Cir. 2020); and

WEHREAS, the Respondent's filing does not address the standard for relief under § 2241.  For example, under Rule 5 an answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, procedural bar, non-retroactively, or a statute of limitations."  28 U.S.C. § 2254 Rule 5(b) (made applicable by Rule 1(b)).  Although Respondent lists failure to exhaust as an affirmative defense, ECF No. 11 at 9, it does not provide any documents or briefing to support that argument; and

WHEREAS, "[i]f the petition is not dismissed, the judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an

4

evidentiary hearing is warranted." 28 U.S.C. § 2254 Rule 8(a). Respondent has simply not provided the Court with the information needed to make this determination; and

WHEREAS, the Court will strike Respondent's filing and direct it to file a new response that addresses the Fourteenth Amendment conditions of confinement issue; and

WHEREAS, although the filing largely does not comply with the Court's Order, Respondent has entered an appearance in this action and is presumably ready to proceed. Therefore for purposes of the Civil Contempt order, the Court will end the sanctions as of January 24, 2022 for a total of $17,000[1] payable to the Clerk of the Court; and

WHEREAS, Petitioner requests the appointment of counsel. ECF No. 12. There is no right to counsel in habeas proceedings. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require ...." The Court granted Petitioner's in forma pauperis application, ECF No. 7, so the Court considers him to qualify financially; and

---

[1] $1000 per day beginning on January 7, 2022 and ending on January 24, 2022.

5

WHEREAS, the Third Circuit explained that a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64; and

WHEREAS, the petition raises nonfrivolous claims that the conditions at the Cumberland County Jail violate Petitioner's constitutional rights. The Court has conducted several hearings and heard testimony from several detainees at the jail, including Petitioner, on the underlying conditions in a related matter. Brown v. Warren, No. 20-7907. The Court concludes the factual and legal issues in the case are complex enough such that appointing counsel would be in the interest of justice; and

WHEREAS, Petitioner has written to the Court claiming that he has not been able to use the Jail's law library. See ECF Nos. 17-18. Therefore, the Court concludes Petitioner has a limited ability to pursue this matter on his own; and

WHEREAS, the Court shall order the Clerk to identify and appoint an appropriate attorney on this District's Criminal Justice Act list,

THEREFORE, IT IS on this 8th day of March, 2022

ORDERED that Petitioner's motion for the appointment of

6

counsel, ECF No. 12, shall be, and the same hereby is, granted, 18 U.S.C. § 3006A(a)(2)(B); and it is further

ORDERED that Respondent's filing, ECF No. 11, shall be, and hereby is, stricken as noncompliant with the Court's Orders and 28 U.S.C. § 2254 Rule 5 (made applicable by Rule 1(b)); and it is further

ORDERED that within thirty (30) days of this order, Respondent shall file and serve a response addressing Petitioner's Fourteenth Amendment conditions of confinement claim that conforms to the Court's September 30, 2021 Order to Answer, ECF No. 4; and it is further

ORDERED that Respondent is assessed a civil penalty in the amount of $17,000 to be paid to the Clerk of the Court per the Court's civil contempt order, ECF No. 8; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.