UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
JOHN CLARK,                   :
                              :
          Petitioner,         :    Civ. No. 21-16721 (NLH)
                              :
     v.                       :    OPINION
                              :
EUGENE CALDWELL,              :
                              :
          Respondent.         :
_____:

APPEARANCES:

Stanley O. King, Esq.
King Law Office LLC
231 South Broad Street
Woodbury, NJ 08096

     Attorneys for Petitioner


Joseph J. DePalma, Esq.
Susana Cruz Hodge, Esq.
Victor A. Afanador, Esq.
Christopher Ali Khatami, Esq.
Lite DePalma Greenberg & Afanador, LLC
570 Broad Street
Suite 1201
Newark, NJ 07102

     Attorneys for Respondent


HILLMAN, District Judge

     Petitioner John Clark, among others, filed a civil rights

complaint under 42 U.S.C. § 1983 seeking injunctive relief,

individually and on behalf of the class of similarly situated

present and future detainees in the Cumberland County Jail

("Jail"), based on the conditions in the Jail during the COVID-19 pandemic. Brown v. Warren, No. 20-7907.  As part of those proceedings, the Court conducted a series of evidentiary hearings in April and May 2021 in which it heard testimony from several pretrial detainees at the Jail, including Petitioner. Petitioner filed a separate civil rights action for damages on June 21, 2021.  Clark v. Warren, No. 21-12797 (D.N.J.).[1]

Petitioner submitted a letter to the Court in his damages action alleging the Jail was "a very unhealthy, unsafe" environment due to COVID-19 and retaliation from jail officials. ECF No. 1-1 at 1.  He asked the Court to accept the letter as a habeas corpus petition and to "prepare a writ for [his] release from this jail as [he is] a non-violent, pretrial detainee with 27 months in jail."  Id.  As that relief could not be granted in an action under § 1983, the Court ordered the Clerk to open this action as a habeas corpus proceeding under 28 U.S.C. § 2241. Id.  On September 30, 2021, the Court ordered Respondent to answer the petition or file a motion to dismiss on jurisdiction grounds within 30 days and mailed the petition to the Warden of the Cumberland County Jail and the Cumberland County Prosecutor's Office.  ECF No. 4.

---

[1] Both the class action for injunctive relief and Petitioner's suit for damages remain pending before this Court.

Respondent did not file a response within the time set by the Court.  On December 9, 2021, the Court issued an order directing Respondent to show cause by December 30, 2021 why the petition should not be granted and why sanctions should not be imposed.  ECF No. 6.  The order was again mailed to the Warden of the Cumberland County Jail and the Cumberland County Prosecutor's Office.  Again, the Court did not receive any response.

On January 7, 2022, the Court entered an order of civil contempt imposing a $1,000 per day fine based on Respondent's repeated failures to comply with Court orders.  ECF No. 8 at 6.  Respondent filed a purported "answer" to the petition 17 days later on January 24, 2022.  ECF No. 11.  Shortly thereafter, Petitioner filed a motion for the appointment of pro bono counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.  ECF No. 12.

On March 9, 2022, the Court granted Petitioner's request for counsel.  ECF No. 19.  The Court further noted that Respondent's filing did not comply with the Rules Governing § 2254 Proceedings (made applicable by Rule 1(b)) and struck the filing.  Id.  The Court ordered Respondent to submit a new response within 30 days.  Id.

Counsel for Petitioner entered an appearance on March 15, 2022.[2]  ECF No. 21.  In a letter dated March 31, 2022, counsel wrote

> Shortly after receiving my appointment, I began reviewing the case file and researching the law. I attempted to visit Mr. Clark but was advised that the Cumberland County Jail was not open for in person visitation.  On or around March 19, 2022, I received a letter addressed to Your Honor from Mr. Clark.[3] In addition to his renewed complaints about his living conditions, it advised that Mr. Clark had recently pled guilty to his pending state charges.  I contacted the Cumberland County Jail and was informed that Mr. Clark was no longer incarcerated.  It is my understanding that Mr. Clark is now at home waiting to be sentenced.  In light of this development, I believe Mr. Clark's habeas petition to be moot and I respectfully asks to be relieved as counsel.

ECF No. 23.  Respondent does not object to counsel's request. Id.

District courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court.  Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).  This includes claims that pretrial conditions of confinement violate the Constitution. See Hope v. Warden York County Prison, 972 F.3d 310 (3d Cir. 2020).

_____

[2] The Court expresses its appreciation to counsel for accepting the assignment.

[3] A copy of this letter is filed on the docket as Entry 22.

Petitioner filed this habeas corpus petition seeking release from allegedly unconstitutional conditions of confinement at the Cumberland County Jail.  In granting Petitioner's request for the appointment of counsel, the Court found that "the petition raises nonfrivolous claims that the conditions at the Cumberland County Jail violate Petitioner's constitutional rights.  The Court has conducted several hearings and heard testimony from several detainees at the jail, including Petitioner, on the underlying conditions in a related matter."  ECF No. 19 at 6 (citing Brown v. Warren, No. 20-7907).  A guilty plea to the charges serving as the basis for his detention moots his § 2241 habeas petition, however.  See Williams v. New Jersey, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  Although it appears that judgment has yet to be entered, Petitioner is no longer detained in the Jail or subject to the alleged conditions.  ECF No. 23.  "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it."  Williams, No. 18-14964, 2020 WL 3259223, at *2 (citing Nextel W. Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002)).

Petitioner's guilty plea and release from the Jail moots his § 2241 habeas petition challenging his pretrial detention.[4] The Court will dismiss the petition accordingly.

To the extent a certificate of appealability is required, the Court declines to issue one because reasonable jurists would agree that the petition is moot.  28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order will be entered.


Dated: April 5, 2022                    s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[4] Any challenge to Petitioner's state court conviction must be filed in a petition under 28 U.S.C. § 2254 after exhausting his state court remedies.